IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DESMOND KING, | ) | |
| No. 21254-424, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 14-CV-00058-DRH |
| | ) | |
| JAMES CROSS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Despond King is in the custody of the Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Greenville, Illinois. Before the Court is King's Emergency Petition for Writ of Habeas Corpus (Doc. 1), which was received via standard mail and filed on January 16, 2014.

King is serving sentences totaling 195 months and is not due to be released in the immediate future. Upon learning that his uncle was terminally ill, King sought a furlough on January 13, 2014, so that he could travel to Chicago, Illinois, to be by his uncle's side.[1] That request was denied. Petitioner King's uncle died on January 13, 2014. On January 14, 2014, King submitted another request for a furlough in order to attend the funeral, which is set on Saturday,

---

[1] King acknowledges that he has no funds to pay the expenses of the proposed trip to Chicago (see Doc. 1, p. 2). The expenses of a furlough are the responsibility of the inmate or inmate's family, or other source approved by the warden, except if the furlough is for the government's primary benefit. 28 C.F.R. 570.34. The Court will assume that petitioner's family would pay of any expenses of the unsupervised furlough proposed by petitioner.

January 18, 2014. That request was denied, purportedly because furloughs are only given for a crisis involving "immediate family" (*see* Doc. 1, p. 4). Rather than complete the administrative remedy process, King drafted the subject petition for writ of habeas corpus, that same day. He purportedly is not asking the Court to grant him a furlough; rather, he asks that the Court finds that his right to due process was violated and order respondent to grant him the requested furlough (*see* Doc. 1, p. 3).

The Court construes King's Emergency Petition for Writ of Habeas Corpus (Doc. 1) as both a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for emergency injunctive relief.

**Exhaustion of Administrative Remedies**

As a preliminary matter, the Court must address the issue of exhaustion of administrative remedies. In the Section 2241 context, the Seventh Circuit notes that there is no statutory exhaustion requirement in Section 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015–19 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)). "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).[2]

---

[2] As the Seventh Circuit notes in *Gonzalez, McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a *Bivens* action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the Bureau of Prisons. However, *McCarthy's* principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that

Exhaustion may be excused when: (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir.2002) (internal quotations and citations omitted).

Given that the funeral is set for tomorrow, January 18, 2014, time is of the essence.[3] The Court will grant Petitioner's request to be excused from the exhaustion of administrative remedies requirement, and address his substantive claim for relief.

**Merits Review**

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser*

---

discretion should be utilized. *See, e.g., Zephyr Aviation L.L.C. v. Dailey*, 247 F.3d 565, 570–73 (5th Cir.2001). *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

[3] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq*. An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he or she must file a BP–9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP–10 with the Bureau of Prisons' regional director. See 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP–11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

*v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Petitioner notes that a writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). King contends he has been denied due process, as guaranteed by the Fifth Amendment. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citation to *Dent v. West Virginia*, 129 U.S. 114, 123 (1889), omitted)).

As a preliminary matter, it does not appear that this Court has any authority to grant a furlough. Congress has given the BOP—not the courts—the authority to temporarily release a federal prisoner. *See* 18 U.S.C. § 3622(a).[4] In any event, petitioner's due process argument fails on the merits.

The Federal Bureau of Prisons "may" grant "temporary release"—a furlough—in limited circumstances, which include "visiting a relative who is dying," and "attending a funeral of a relative." 18 U.S.C. § 3622(a)(1) and (2), respectively. Thus, a furlough is a discretionary matter.

Regulations have been prescribed for the furlough process: 28 C.F.R. §§ 570.30-.38. The prescribed procedures are:

---

[4] *United States v. Smith*, 438 F.3d 796 (7th Cir. 2006), provides guidance. In *Smith*, the Court of Appeals for the Seventh Circuit stated that once a sentence has been imposed, neither the judge nor a parole board may make changes except for that authority explicitly given to district judges in 18 U.S.C. § 3582(c). *Smith*, 438 F.3d at 798. *See also United States v. Reed*, 2008 WL 4822045, 2 (C.D.Ill. 2008) (citing *Smith* for the same proposition).

> (a) Application. Inmates may submit a furlough application to staff, who will review it for compliance with these regulations and Bureau policy.
>
> (b) Notification of decision. An inmate will be notified of the Warden's decision on the furlough application. Where a furlough application is denied, the inmate will be notified of the reasons for the denial.
>
> (c) Appeal. An inmate may appeal any aspect of the furlough program through the Administrative Remedy Program, 28 CFR Part 542, Subpart B.

28 CFR § 570.37. Being present during "a crisis in the immediate family, or other urgent situation" is a recognized justification for a furlough. 28 C.F.R. 570.33(b).

"[A] party complaining of a due-process violation must assert a liberty interest in order to maintain his due-process claim." *Khan v. Mukasey*, 517 F.3d 513, 518 (7th Cir. 2008) (citing *Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006)). Because mandatory procedures are prescribed for considering an application for furlough, the Court will assume that due process is triggered, although he issue is debatable. *See generally Greenholz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12-13 (1979), and *United States v. Roque-Espinoza*, 338 F.3d 724, (7th Cir. 2003), both holding that, relative to discretionary parole decisions, mandatory procedures trigger minimal due process protections).

As petitioner stresses, 18 U.S.C. §§ 3622(a)(1) and(2) reference "a relative," without respect to degree of separation. However, the regulation prescribed to guide the BOP, 28 C.F.R. § 570.33(b), specifies "immediate relative." Black's Law Dictionary defines "immediate family" as one's parents, brothers and sisters, wife

or husband, and children—also referenced as "first degree relatives." *See* www.thelawdictionary.org/immediate-family (accessed Jan. 16, 2014). More to the point, relying upon 28 C.F.R. § 570.33(b), cannot be said to be an abuse of discretion. Petitioner does not otherwise claim any other procedural error. Therefore, his petition must be dismissed, with prejudice and his request for injunctive relief denied.

**IT IS HEREBY ORDERED** that petitioner Desmond King's Emergency Petition for Writ of Habeas Corpus, and request for injunctive relief (Doc. 1) is **DENIED** in all respects, with prejudice. Judgment shall enter accordingly.

The Clerk of Court is **DIRECTED** to mail a copy of this order forthwith to petitioner. In light of the time-sensitive nature of this matter, the Clerk of Court is further **DIRECTED** to also attempt to communicate this ruling to petitioner by any other means available to the Clerk, such as via telephone, fax or email.

**IT IS SO ORDERED.**

Digitally signed by David R. Herndon
Date: 2014.01.17 01:57:09 -06'00'

**Chief Judge**
**United States District Court**